1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BALWANT SINGH BRAR, | ) | 1:06-CV-01884 OWW NEW (DLB) HC |
| Petitioner, | ) ) | ORDER VACATING FINDINGS AND RECOMMENDATION [Doc. #10] |
| | ) ) | ORDER APPOINTING FEDERAL DEFENDER |
| v. | ) ) | ORDER TO SUBMIT JOINT SCHEDULING STATEMENT |
| | ) ) | ORDER SETTING EVIDENTIARY HEARING |
| ALBERTO GONZALES, | ) | Date:        June 14, 2007 |
| Respondent. | ) ) | Time:        1:00 p.m. Courtroom:   Nine |

Petitioner is being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE" - formerly Immigration and Naturalization Service "INS") pending removal from the United States. Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the petition filed on December 27, 2006, Petitioner claims Respondent lacks the statutory authority to indefinitely detain him.  He also contends that his indefinite detention violates his substantive and procedural due process rights guaranteed under the United States Constitution. He further contends that Respondent's current detention of Petitioner is punitive in nature and constitutes punishment without due process of law.

On February 27, 2007, the undersigned issued a Findings and Recommendation that recommended the petition be denied without prejudice. The Court specifically found that there appeared to be a significant likelihood of Petitioner's removal to India in the reasonably foreseeable future. This finding was based on the affidavit of Deportation Officer Dennis Allen ("Allen") who stated the Indian Embassy was currently researching Petitioner's identity and was cooperating with ICE's attempts to remove Petitioner. The Court further found that Petitioner had not cooperated with ICE's attempts to remove him and that he posed a flight risk. These findings were based on Allen's averments that Petitioner had failed to cooperate with ICE in their attempts to obtain a birth certificate and that Petitioner had not surrendered to authorities in 2004 when he was ordered to do so.

On March 28, 2007, Petitioner filed objections to the Findings and Recommendation wherein Petitioner flatly contradicts Allen. Petitioner maintains his removal is not reasonably foreseeable. He states he has cooperated with the INS in all respects, and he has completed and signed all travel document applications and forms requested by the INS. In addition, he claims Allen's statements are inaccurate in that he has in fact made his own attempts to secure his birth certificate but the hospital where he was born could find no record of his birth. That being so, he claims he cannot secure travel documents and therefore India will not repatriate him.

Petitioner also controverts Allen's statement that Petitioner was arrested at his home by the Bakersfield Fugitive Operations Unit after failing to surrender as ordered. Petitioner states he received the surrender order and contacted an immigration attorney who subsequently obtained a stay of the order. He states he did not wilfully disobey any immigration order. Moreover, he states he was not arrested at his home by the Fugitive Unit as Allen states. Petitioner asserts he voluntarily traveled to the immigration office and spoke to an INS officer in response to an INS letter which stated he had an interview appointment with the INS. He states he was then told a deportation order had been entered against him whereupon he was arrested and taken into custody.

Because of these significant factual discrepancies, the Court finds an evidentiary hearing is necessary. In addition, the Court will withdraw the Findings and Recommendation.

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1)   The Findings and Recommendation entered on February 27, 2007 is vacated;

2)   The Federal Defender is appointed to represent Petitioner;

3)   The Clerk of Court is directed to serve a copy of Petitioner's habeas corpus application and a copy of this Order on David M. Porter, Assistant Federal Defender;

4)   Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of other documents in the file;

5)   An evidentiary hearing will be held on June 14, 2007 at 1:00 p.m., in Courtroom Nine before the undersigned;

6)   Within thirty (30) days of this Order, the parties shall file a joint scheduling statement which addresses the following matters:

a) The number and identity of witnesses to be called;

b) The estimated duration of the hearing; and

c) Any anticipated motions.


IT IS SO ORDERED.

   Dated:   **May 1, 2007**          **/s/ Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE